No. 12,484.

Guidetti *v.* Industrial Commission et al.

Decided December 23, 1929. Rehearing denied January 27, 1930.

Mr. Angelo F. Mosco, Mr. John R. Adams, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Arthur Olson, Assistant, Messrs. Farrar & Martin, Mr. Wendell Stephens, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as plaintiff, defendant in error, the Industrial Commission of Colorado, as the commission, and defendant in error, the Colorado Fuel and Iron Company, as the fuel company. ██ In July, 1927, plaintiff filed with the commission his claim for compensation for an injury said to be due to an accident which occurred eight months prior thereto, while he was employed by the fuel company, and arising out of and in the course of that employment. The claim was heard by a referee, who found that plaintiff's disability was due to disease, not accident. That finding was reversed by the commission, which held to the contrary and made an award in favor of plaintiff. To set aside that award, the fuel company brought an action in the district court of the City and County of Denver, and judgment in its favor was entered October 29, 1928. That judgment reversed the award of the commission and revived and established that of the referee. No attempt has been made to have it reviewed.

As a result of plaintiff's efforts the commission, on November 28, 1928, ordered a further hearing, and seven months later entered its final award, refusing to reopen the case because the judgment of the Denver district court was res judicata. In that award it specifically

found as follows: "At the further hearings held herein no further testimony concerning the claimant's accident was introduced and the facts, in so far as the accident is concerned, are the same as they were at the time the referee's first award was entered in this case. Neither has sufficient testimony been introduced which would suffice to change the findings of the referee as to the claimant's disability being due to disease and not accident."

One week thereafter plaintiff brought this action in the district court of Huerfano county and prayed that all of said records and proceedings be reviewed, that all findings and awards denying compensation be vacated; and that the commission be directed to receive certain rejected testimony and make detailed findings and an award "according to law." Defendants demurred for want of facts, and for want of jurisdiction because the matter complained of was res judicata and because the claim was not filed within six months as provided by law. September 26, 1929, the demurrers were sustained on the ground of want of jurisdiction because res judicata. Plaintiff elected to stand on his complaint, and to review the judgment of dismissal thereupon entered he prosecutes this writ.

It seems to us that from the foregoing statement of facts an affirmance herein inevitably follows. The commission alone can determine disputed questions of fact. It made findings thereon and entered its award for plaintiff. The Denver district court adjudged that under the facts so found an award for the fuel company followed as a matter of law, and so decreed. That judgment still stands. The commission in its final award, on which the present action is based, found that the facts stood unaltered. All these things appear from the complaint in the instant case, hence the district court of Huerfano county had before it a pretended action to review the judgment of the district court of Denver. Clearly, therefore, no cause of action was stated in this complaint and the demurrers were properly sustained.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.